[Crim. No. 660. Third Appellate District.—March 23, 1923.]

THE PEOPLE, Appellant, v. CHEW HING, Respondent.

[1] MEDICAL PRACTICE ACT—MISDEMEANOR—JURISDICTION.—Order affirmed on the authority of *People* v. *Y. Wong*, *ante*, p. 497.

APPEAL from an order of the Superior Court of San Joaquin County dismissing an information charging a violation of the Medical Practice Act. George F. Buck, Judge. Affirmed.

61 Cal. App.—51

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Appellant.

Joseph D. Malloy for Respondent.

HART, J.—The defendant was informed against by the district attorney of the county of San Joaquin for the crime of violating the so-called Medical Practice Act, in that on or about the nineteenth day of May, 1922, and before the filing of the information, in the city of Stockton, county of San Joaquin, he did willfully and unlawfully practice and attempt to practice and advertise and hold himself out as practicing a system or mode of treating the sick and afflicted, without having at the time of so doing ''a valid, unrevoked certificate from the State Board of Medical Examiners of the State of California,'' as provided in said act (Stats. 1913, p. 722).

At the time fixed for his arraignment, and when the case was called for that purpose, his counsel moved to dismiss the information on the ground that the superior court was without jurisdiction of the offense charged therein, the contention being that jurisdiction of said offense was exclusively in the police court of the city of Stockton. The court made an order granting the motion of dismissal and the appeal is by the people from said order.

The specific ground upon which the motion was granted was that under the statute of 1885 (Stats. 1885, p. 213) exclusive jurisdiction of the class of misdemeanors within which the one charged in the information falls is vested in the police court of the class of incorporated cities to which the city of Stockton belongs.

This precise point was made in the case of the *People* v. *Y. Wong, ante*, p. 497 [215 Pac. 409], in which an opinion affirming the order appealed from has this day been filed. The point thus made is the only one pressed by the people in both cases for the reversal of the orders appealed from. It is, therefore, unnecessary to consider the point in this case.

[1]  Upon the authority of the case of *People* v. *Y. Wong,* *ante*, p. 497 [215 Pac. 409], the order herein appealed from is affirmed.

Burnett, J., and Finch, P. J., concurred.